UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| T.E. ARTEMIS,<br><br>             Plaintiff,<br><br>     vs.<br><br>"CRATERS & FREIGHTERS SOUTH CHICAGO," "FASTBEND GROUP", JANET FASTABEND, JACKIE GUNDBERG, et al., and all employees,<br><br>             Defendants. | Case No: C 10-03952 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTON TO DISMISS**<br><br>[Docket 9] |

On September 2, 2010, Defendants Fastabend Group, Inc., dba Craters & Freighters, Janet Fastabend and Jacqueline Gundberg (collectively "Defendants") removed the action to this Court on grounds of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. On September 9, 2010, Defendants filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(2) and (b)(6), respectively. Alternatively, Defendants move to transfer venue under 28 U.S.C. § 1404. The motion is set for hearing on December 7, 2010. Under Local Rule 7-3, any opposition to the motion or statement of non-opposition must be filed no later than twenty-one days before the hearing date. Although Plaintiff's opposition was due by December 16, 2010, to date, no response or other communication by Plaintiff has been received by the Court. The Court's Standing Orders warn that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992). As such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is grounds for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in this case, where Plaintiff has undertaken no action in this Court to prosecute the action since its removal almost three months ago.

The second factor also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendant, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at, 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiff has offered no explanation for her failure to respond nor is any apparent from the record. Indeed, Plaintiff has had almost three months to prepare her opposition to Defendants' motion. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismiss. As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the motion. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of granting Defendants' unopposed motion and dismissing the action in its entirety. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). Accordingly,

IT IS HEREBY ORDERED THAT Defendants' unopposed motion to dismiss (Docket 9) is GRANTED. The Clerk shall close the file and terminate all pending matters and deadlines. The hearing the motion to dismiss scheduled for December 7, 2010, is VACATED.

IT IS SO ORDERED.

Dated: November 29, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARTEMIS et al,

      Plaintiff,

  v.

CRAFTERS & FREIGHTERS SOUTH
CHICAGO FASTABEND GROU et al,

      Defendant.
_____/

Case Number: CV10-03952 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

T. E. Artemis
P.O. Box 24650
Oakland, CA 94623

Dated: November 30, 2010
                                        Richard W. Wieking, Clerk
                                          By: LISA R CLARK, Deputy Clerk